### PEOPLE ex rel. ELMIRA, C. & N. R. CO. et al. v. STATE BOARD OF RAILROAD COM'RS et al.

(Supreme Court, Appellate Division, Third Department.   November 16, 1904.)

1. RAILROADS—CONSTRUCTION—CERTIFICATE OF PUBLIC CONVENIENCE—GRANT-ING OF CERTIFICATE—LEGALITY OF ACTION.

> The certificate of incorporation of a railroad described its length to be about 20 miles.  The capital stock was $200,000, with $20,000 paid in; and, on an application to the Board of Railroad Commissioners for a certificate of public convenience and necessity, a map was filed of a preliminary survey, which showed changes in the location of the road—the length as shown on the map being 23 miles—and much of the evidence given on the hearing as to the cost of the road related to the route shown upon the map, which, however, for a very large portion of the way, was the identical route covered by the articles.  A certificate was granted that public convenience and necessity required the road proposed in the articles.  *Held,* that the certificate was not improperly granted on the ground that it had not been shown that the amount of capital stock was not less than $10,000 for every mile of road proposed to be built, and that at least 10 per cent. of the minimum amount of such stock had been subscribed and paid in, as required by section 2 of the railroad law (Laws 1890, p. 1082, c. 565); the certificate being granted on the articles of incorporation, and not on the map.

Certiorari by the people, on the relation of the Elmira, Cortland & Northern Railroad Company and others, to review the action of the State Board of Railroad Commissioners in granting to the Ithaca-Cortland Traction Company a certificate that public convenience and a necessity required the construction of a railroad to be operated by electricity between the cities of Ithaca and Cortland.  Determination confirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

A. S. Diven, for relators.

W. D. Leonard and Eli H. Chandler, for respondents.

CHESTER, J.   The certificate of public convenience and a necessity which has been granted to the Ithaca-Cortland Traction Company is attacked by the relators as against the weight of evidence upon that subject, and because the line of railroad which it is proposed to construct is not the line set forth in the articles of incorporation of such traction company, and because it has not been shown that the amount of its capital stock is not less than $10,000 for every mile of road proposed to be built, and that at least 10 per cent. of the minimum amount of such capital stock has been subscribed and paid in good faith in cash to the directors named in the certificate, as required by section 2 of the railroad law (Laws 1890, p. 1082, c. 565).

The certificate of incorporation describes a road to be built from a point on University avenue, in the city of Ithaca, to a point on Tompkins avenue, in the city of Cortland, and describes its length to be "about twenty miles."   The amount of the capital stock stated in the certificate is $200,000.   Annexed to the certificate is the affidavit of three of the directors named therein "that at

least ten per cent. of the minimum amount of capital stock authorized by law has been subscribed thereto and paid in good faith, and in cash, unto the directors named in said certificate." In the verified petition to the Board of Railroad Commissioners for its certificate, it is stated that "the sum of twenty thousand dollars has been subscribed and paid in good faith and in cash to the directors thereof named in its certificate of incorporation." It was shown in evidence on the hearing before the Board of Railroad Commissioners that the sum of $21,375 had in fact been paid upon stock subscriptions to said directors. If the proposed road is but 20 miles in length, the amount of capital stock and the amount paid in thereon as above stated are sufficient to be a full compliance with the law.

It is claimed, however, that the evidence shows that the proposed road is in fact 23½ miles long. This arises from a map filed by the traction company upon the hearing before the Board of Railroad Commissioners of a preliminary survey, which showed a number of changes in the location of the road from that described in the articles of incorporation, made for the purpose, as is claimed, of improving the location of the road, and avoiding a number of steam railroad crossings, and which map showed some alternate routes in places. The length of road shown upon the map was about 23½ miles. But the certificate petitioned for by the traction company to the Board of Railroad Commissioners was that the public convenience and a necessity required the construction of the road proposed in its articles of incorporation, and that board has granted its certificate for that road, and not for the road outlined upon the map. This court is called upon to review the action of the board in granting the certificate which it made. So long as it has not granted a certificate for any other road than that described in the articles of incorporation, we can have no concern with the changes shown upon the map used before the board. It is true that much of the evidence given upon the hearings as to the cost of the proposed road related to the route shown upon the map, which, however, for a very large portion of the way, was the identical route covered by the articles. When the record is examined with a view of reviewing the legality of the certificate which was in fact granted, it is altogether clear that it was not against the weight of evidence upon the question that the board was required to determine.

Many witnesses were called by the traction company, who testified that public convenience and a necessity required the construction of the proposed road, and who gave their reasons therefor, and stated the facts upon which their conclusions were based. No witnesses were sworn to the contrary. The great weight, and in fact all, of the evidence on that subject is to the effect that the present means of transportation between Ithaca and Cortland, and the villages and hamlets lying between them, on the route of the proposed road, are inadequate, and that the public is now greatly inconvenienced by the lack of proper railroad facilities at such places. The certificate was therefore properly granted.

The determination of the Board of Railroad Commissioners should be confirmed, with $50 costs and disbursements against the relators to the respondent Ithaca-Cortland Traction Company. All concur.